IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Habeeb Abdul Malik, #231677, ) | Civil Action No.: 2:11-cv-01064-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| James E. Sligh, Jr.; Jannita Gaston; ) | |
| Bernard McKie; Jon E. Ozmint; Bill ) | |
| Byars; Vaughn Jackson; Robert E. Ward; ) | |
| and Travis Reese, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks.[1] In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff's Motion for Preliminary Injunction. [Preliminary Injunction, Doc. # 15.]

**Procedural History and Factual Background**

This case was initiated on May 4, 2011, when Plaintiff filed a *pro se* Complaint alleging a cause of action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), alleges violations of his constitutional rights by the named Defendants, who Plaintiff claims are individuals responsible for conducting custody classification review hearings. Specifically, Plaintiff appears to allege the following:

• Defendants have violated his due process rights through "erroneous continued confinement" in a maximum security unit ("MSU") at Kirkland Correctional Institution because he was allegedly cleared of the charges that initially prompted his placement in MSU. [*See* Am. Compl., Doc. # 13, at 5, 7.]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Hendricks for pretrial handling.

- The policy guiding Defendants in their decision-making process is unconstitutional. [*Id*. at 6.]

- Plaintiff's confinement within MSU constitutes cruel and unusual punishment. [*Id*. at 6.]

- Plaintiff's due process rights were violated because of instances where he was either denied medical treatment or forced to endure erratic behavior from other inmates. [*Id*. at 11-12.]

Plaintiff seeks injunctive and/or declaratory relief with respect to his disciplinary conviction and the SCDC policies, as well as monetary damages.

On June 27, 2011, Plaintiff filed the Motion for Preliminary Injunction at issue seeking release from MSU at Kirkland until all claims at issue have been resolved. [Preliminary Injunction, Doc. # 15, at 1.] On September 27, 2011, the Magistrate Judge issued the R&R recommending that the Court deny the requested Preliminary Injunction, to which Plaintiff filed timely objections.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations.

*Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## **Applicable Law**

This Court notes that both Plaintiff and the Magistrate applied the incorrect test for determining the appropriateness of a preliminary injunction.[2] A preliminary injunction is an extraordinary remedy that will be issued only upon a showing by a plaintiff of four requirements: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010) (citing *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008) and redefining the Fourth Circuit's previous preliminary injunction standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co*., 550 F.2d 189 (4th Cir. 1977)).[3] Because of the extraordinary nature of injunctive relief, the Supreme

---

[2] Plaintiff relied on *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co*., 550 F.2d 189 (4th Cir. 1977), in support of his Motion for Preliminary Injunction. [*See* Preliminary Injunction, Doc. # 15, at 2.] The Magistrate cited *Smith v. Ozmint*, 444 F.Supp.2d 502 (D.S.C. 2006), for the applicable standard, which in turn cites *Blackwelder*. [*See* R&R, Doc. # 35, at 2]. As explained herein, the Fourth Circuit has since expressly overruled the standard applied in *Blackwelder*. Nonetheless, because this Court finds that the same conclusion would be reached had the Magistrate applied the correct standard, this Court will ultimately adopt the R&R as modified to include the accurate standard and a discussion thereunder. *See U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (affirming district court where court recognized magistrate's error but, after independent evaluation, found that the error did not affect the propriety of the ultimate outcome).

[3] In 2010, in light of the Supreme Court's decision to vacate *Real Truth About Obama, Inc.* on other grounds, the Fourth Circuit expressly reissued the portions of that opinion that articulated the revised preliminary injunction standard. *Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355, 355 (4th Cir. 2010). Although the Fourth Circuit's ruling in *Real Truth About*

Court has admonished that interlocutory injunctions "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* S. Ct. 365 at 376.

### Discussion

Plaintiff has failed to make the requisite showing required for a preliminary injunction, as is his burden. As a threshold matter, because Plaintiff failed to apply the correct legal standard in his Motion for Preliminary Injunction, his original motion fails to demonstrate that each of the *Winter* elements, as articulated in *Real Truth About Obama, Inc.*, is satisfied. Even if this Court were to construe Plaintiff's Motion for Preliminary Injunction and objections to the R&R as attempting to articulate the *Winter* elements, Plaintiff still fails to carry his burden.

Plaintiff's objections mostly rehash his initial arguments before the Magistrate or state the applicable law of the case. [*See* Objections, Doc. # 38, at 1-2 (directing this Court to prior pleadings in the case as opposed to pointing this Court to a specific error)]; *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The vast majority of Plaintiff's objections do not meet the applicable standard set above as they contain little-to-no basis for the objections and contain little-to-no additional legal argument

---

*Obama, Inc.* focused on preliminary injunctions, its redefined analysis would also apply to the issuance of a temporary restraining order. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (applying the same factors to a temporary restraining order and a preliminary injunction); *Simpkins v. Gressette*, 495 F. Supp. 1075, 1079 (D.S.C. 1980) (same); *see also Neiswender v. Bank of Am.*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) (ruling on a temporary restraining order by applying the same test adopted in *Winter* and applied in *Real Truth About Obama, Inc.*).

beyond what is found in Plaintiff's pleadings. To the extent this Court is able to glean specific and cognizable objections, it addresses them below.

First, Plaintiff takes issue with Defendants's failure to respond to his Motion for Preliminary Injunction. [Objections, Doc. # 38, at 9.] Any failure by Defendants to respond to the Motion for Preliminary Injunction is likely the fault of Plaintiff. The docket in this case shows that Plaintiff filed the Motion for Preliminary Injunction on June 27, 2011, with the response due by July 14, 2011. [Doc. # 15.] However, service was not perfected until August 17, 2011, a month after the response deadline and nearly two months after the Motion at issue was filed. [Doc. # 28.][4] Even if Defendants' silence could somehow be construed as agreement with the factual allegations in Plaintiff's Motion for Preliminary Injunction, Plaintiff would still bear the burden of establishing that he is entitled to injunctive relief – which Plaintiff does not do. *See* Robinson v. S.C. Dep't of Corrections, C.A. No. 4:10–157–HMH, 2011 WL 2416256, at *1

---

[4] It is unclear whether Plaintiff's Motion for Preliminary Injunction was ever served on Defendants, as this issue was not addressed by the Magistrate and the docket report is inconclusive. It is possible that counsel for Defendants received a copy before service, or saw the pending Motion for Preliminary Injunction on the electronic docket report before the Magistrate issued her R&R. However, given that the R&R was issued only five days after Defendants filed their answer, it is also possible that they did not. In the event Defendants did not receive notice, it would appear that the Motion for Preliminary Injunction would more accurately be described as a motion for a temporary restraining order ("TRO"), without notice, under Federal Rule of Civil Procedure 65(b). In fact, Plaintiff's objections to the R&R make reference to Rule 65(b) on at least two occasions. [*See* Objections, Doc. # 38, at 8–9.] If the Motion for Preliminary Injunction is actually a Motion for TRO without notice, then Plaintiff's Motion should be denied because, among other reasons, the Motion contains no sworn affidavit, the Motion does not explain why an injunction is being requested without notice, and the injunction requests relief exceeding 14 days. *See* Fed. R. Civ. P. 65(b)(1)–(2); *X v. Brierley*, 457 F.Supp. 350, 351-52 (E. D. Pa. 1978) (holding that although document bore signature of prisoner and two witnesses, because statements it contained were never sworn to before a public notary or other authorized official, it was not a proper affidavit for summary judgment purposes). However, because neither Party nor the Magistrate has addressed this issue, and because this Court is denying the Motion on other grounds, this Court proceeds as if the Motion at issue is for an injunction with notice.

(D.S.C. June 16, 2011) ("Although Robinson maintains that Defendants' response to his motion contains only 'conclusory statements and ma[kes] no effort to address the facts alleged and the application of law to facts,' the burden is on Robinson to establish that he is entitled to injunctive relief. Robinson has failed to carry his burden.").

Second, Plaintiff argues that the *status quo* to be preserved is "following the Constitution by the Defendants." [Objections, Doc. # 38, at 7.] The Court disagrees. Black's Law Dictionary defines *status quo* to mean "the existing state of things at any given date." *Black's Law Dictionary* 1264 (5th ed. 1979). Judicial precedent confirms that "[t]he *status quo* is the last uncontested status which preceded the pending controversy." *Westinghouse Electric Corp. v. Free Sewing Machine Co.*, 256 F.2d 806, 808 (7th Cir. 1958). Here, the last uncontested status was, and remains, that Plaintiff is confined within the Kirkland MSU. Accordingly, it is that status this Court should preserve in order to maintain the *status quo*. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003) ("The traditional office of a preliminary injunction is to protect the *status quo* . . . .").

Third, Plaintiff's objection to the Magistrate's conclusion that he is not likely to succeed on the merits is unfounded. An examination of Plaintiff's pleadings make clear that he is not likely to succeed. As the Magistrate correctly noted, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonnell*, 418 U.S. 539, 558-562 (1974). Further, there is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Ange v. Paderick*, 521 F.2d 1066, 1068–69 (4th Cir. 1975). In other words, the placement and assignment of inmates into particular institutions or units by state or federal

6

corrections departments are discretionary functions and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir.1984) (collecting cases). The cases cited by Plaintiff do not contradict these holdings.

Plaintiff attempts to rely on *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991), and its holding that "[i]f a prisoner's term of imprisonment can be shortened or modified by rights conveyed to him under state law, those rights cannot be denied without due process." In spite of this citation, Plaintiff does nothing to show he was denied due process.[5] In his Complaint, Plaintiff makes clear that he had the opportunity to challenge his confinement in MSU on several occasions. [Am. Compl., Doc. #13, at 5-7.] Plaintiff also erroneously claims he was exonerated from the internal prison convictions that initially brought him into Kirkland's MSU. At least in the documents presented to this Court by Plaintiff, it seems clear that Plaintiff was initially found guilty on charges of rioting, hostage taking, and creating a disturbance, while he was found not guilty on a charge of striking an employee. [*See* Am. Compl., Doc. # 13-3.] Ultimately, only the hostage taking conviction was overturned, leaving Plaintiff with internal prison convictions for rioting and creating a disturbance. When coupled with the great consideration afforded to a

---

[5] Plaintiff's likelihood of success if further undercut because Plaintiff appears to concede that prison policies were followed regarding his classification review. [*See* Am. Compl., Doc. #13, at 7; Preliminary Injunction, Doc. # 15, at 8-8.] Plaintiff's challenge to the constitutionality of these policies has an even slimmer likelihood of success. Beyond a few cursory statements, Plaintiff does nothing to explain how the policies at issue violate his constitutional rights. Further, the U.S. Supreme Court has ruled that even when a prison regulation impinges on an inmates' constitutional rights, the regulation is valid so long as it reasonably relates to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1978).

correctional system's need to maintain order, discipline, and control, Plaintiff's fails to make a "clear showing" that he is likely to succeed on the merits.[6]

Because Plaintiff cannot show a likelihood of success on the merits, that alone mandates denial of his Motion for Preliminary Injunction. The Court need not reach the Magistrate's other grounds for denial.[7] *See Alkebulanyahh v. Nettles*, C.A. No. 6:10–2976–MBS, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011) (holding in a post-*Winter* decision that if one of the elements for a preliminary injunction fails the court need not consider the remaining elements).

## Conclusion

The Court has thoroughly analyzed the entire record, including the Amended Complaint, Motion for Preliminary Injunction, R&R, objections, and applicable law. The Court has conducted the required review of all of Petitioner's objections and finds no merit in them. For the reasons stated above, the Court hereby overrules all of Petitioner's objections and adopts, *as modified,* the Magistrate's R&R. Accordingly, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 28, 2010

---

[6] Although Plaintiff may have claims in this action relating to denial of medical treatment or excessive force, Plaintiff did not address these claims in either his Motion for Preliminary Injunction or his objections to the R&R. Further, even if Plaintiff has a likelihood of success on these issues, his relief would not be reclassification within the Department of Corrections.

[7] Nonetheless, the Court notes that the remainder of Plaintiff's "objections" either rehash his initial arguments before the Magistrate or argue that the Magistrate's analysis should have been more robust. Such "objections" lack the requisite specificity to warrant consideration.

8